IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON CASTLEMAN, | § | |
| (Palo Pinto County No. 111817) | § | |
| VS. | § | CIVIL ACTION NO.4:11-CV-253-Y |
| | § | |
| ELIZABETH HUDELSTON | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Jason Castleman's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Castleman, an inmate at the Palo Pinto County jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983.[1] He names as defendant Elizabeth Hudelston, an officer at the Palo Pinto County jail. (Compl. Style; § IV(B).) Castleman alleges that on March 25, 2011,[2] Officer Hudelston, along with Officer Reed, awakened him to tell him "she opened and read my legal mail by mistake and hoped that I wouldn't file a complaint and that she was sorry." (Compl. § V.) Castleman has attached the grievance he filed in which he also alleges that Hudelston or Reed made a comment to the effect that "when my money comes in to let them know and they would cash it for me." ("Palo

---

[1] Although Castleman initiated the case with the filing of copies of grievance forms, in response to a deficiency order, Castleman then filed a form civil-rights complaint listing as the only defendant Elizabeth Hudelston.

[2] In a grievance form submitted by Caslteman, he alleged the incident took place on February 25, 2011, and that is consistent wit the substance of the grievances. *See* text *infra.*

Pinto County Jail-Inmate Grievance"dated March 22, 2011, attached to compliant.) Castleman also included the investigating grievance officer's March 25, 2011, response, which included informing Castleman that Elizabeth Huddleston had admitted opening the mail, that it was not done intentionally, and that she told the investigator she did not make a comment about money or cashing a check. (March 25, 2011, Three-page response to grievance from Grievance Officer.) The investigating officer informed Castleman that Hudelston was given a verbal warning. Castleman seeks monetary damages of $75,000 and reimbursement of court costs, filing fees, and attorney fees. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

possible after docketing.[5]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7]

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[8]  Plaintiff's allegations fail to satisfy the first element.  Although Castleman has not articulated a constitutional violation, the Court assumes he is alleging infringement of either his constitutional right of access to courts or his First Amendment right to free speech.[9] But in order to state a claim for interference with access to courts,

---

[5]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[9] *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (legal mail tampering claim implicates both right of access to courts and right to free speech); *Brewer v. Wilkinson,* 3 F.3d 816, 819 (5th Cir. 1993),*cert. den'd,* 510 U.S. 1123 (1994)(same); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Bounds v. Smith,* 430 U.S. 817, 819-20 (1977)(recognizing prisoners constitutional right of access to courts).

a Plaintiff must allege that he suffered some actual injury.[10] Similarly, in order to support a claim for interference with the right to free speech based on the handling of legal mail, a claimant must do more than allege simply that his legal mail was opened and inspected outside of his presence.[11] The United States Court of Appeals for the Fifth Circuit recently restated that "[t]he opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights."[12] Other than complaining of the opening and reading of the mail outside of his presence, Castleman has set forth no claim that such opening of the legal mail interfered with, delayed, or hampered his access to court, nor has he alleged that defendant Hudelston censored the incoming communication.[13] Even

---

[10]*Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998); *see also Nwaebo v.Reno,* No. CIV. A. 95-7306, 1996 WL 421961, at *4, (July 18, 1996)(applying *Lewis v. Casey's* actual-injury requirement to a prisoner's claim that his constitutional right of access to courts was infringed by the opening of his legal mail), *aff'd,* 124 F.3d 188 (3rd Cir. 1997).

[11]*See Walker,* 4 F.3d at 413 (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation); *Brewer,* 3 F.3d at 824(noting that allegations that mail was opened and inspected outside inmates presence [and in violation of prison regulation], without additional allegation that such practice affected the inmates ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim)(citing *Thornburgh v. Abbott*, 490 U.S. 401, 410 (1989) and *Turner v. Safley,* 482 U.S. 78, 87 (1987)).

[12]*Clemons v. Monroe,* 2011 WL 1497074, 423 Fed. Appx. 362, 364 (5th Cir. April 18, 2011)(citing *Brewer,* 3 F.3d at 825), *petition for cert. filed,* (U.S. Aug. 17, 2011)(No. 11-6441).

[13]*See generally Wolff v. McDonnell,* 418 U.S. 539, 575-76 (1999)(noting in the context of prison officials' review of legal mail "that freedom from censorship was not the equivalent of freedom from inspection or perusal.")

4

assuming Castleman's allegation that Hudelston made a statement indicating she was aware of substantive information contained in the letter, Castleman's makes no claim of harm.

Thus, this Court holds that Castleman's claim based on the opening and reading of his legal mail, without claiming either that the alleged review of his mail caused him actual injury by hindering his efforts to pursue a legal claim, or that the materials were censored, does not amount to a cognizable claim of violation of a constitutional right and must be dismissed under 28 U.S.C. § 1915A(b) and under 28 U.S.C. § 1915(e)(2)(B).

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B).

SIGNED October 17, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE